IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

SHAWNEEQUA POPE, and all other
persons similarly situated,

    Plaintiffs,

v.

QUEST DIAGNOSTICS
INCORPORATED,

    Defendant.

Case No.    4:23-cv-80   

JURY TRIAL DEMANDED

## COMPLAINT

The Plaintiff, Shawneequa Pope ("Pope"), hereby states as follows for her Complaint against Quest Diagnostics Incorporated ("Quest"):

### NATURE OF THE CASE

1. This action arises under the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §201 et. seq. and the Virginia Overtime Wage Act ("VOWA"), Va. Code §40.1-29.2, which provide that workers must receive compensation at a rate of one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in a work week.

2. This case presents a collective action under the FLSA and VOWA in which the named Plaintiff and all those similarly situated seek declaratory relief, injunctive relief, and relief for unpaid overtime compensation, liquidated damages and treble damages (under VOWA) for themselves and all those who are similarly situated.

3. Plaintiff is a former employee of Quest who, from and before June 16, 2020, to the present time, has not received all overtime compensation due to her under the FLSA and

VOWA. The Defendant suffered or permitted Pope, and all those similarly situated to her, to work as phlebotomists hours in excess of forty (40) hours during their work weeks without compensation as required under the FLSA and VOWA.

4. Former and current employees of Quest who worked in the capacity of phlebotomist may file written consents to join this representational action under the FLSA and VOWA. The named Plaintiff in this action has filed her written consent herewith.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331, 2201, and 2202. The Court also has concurrent jurisdiction over the VOWA claims.

6. Quest does business within the Newport News Division of the Eastern District of Virginia and maintains its principal place of business at 1901 Sulphur Spring Road, Halethorpe, Maryland 21227. Quest operates a local blood collection facility and offices at its Newport News patient service center located at 11717 Jefferson Avenue, Suite A, Newport News, Virginia. The Jefferson Avenue address was Pope's place of employment.

7. Venue is proper in this District and Division pursuant to 28 U.S.C. §1391(b) and Eastern District of Virginia Local Rule 3.

## PARTIES

8. Pope is a citizen and resident of the Commonwealth of Virginia and the United States. At all times relevant to this action she was an "employee" of the Defendant as contemplated under the FLSA and VOWA.

9.     Quest is a for-profit stock corporation.  Its principal place of business is 1901 Sulphur Spring Road, Halethorpe, Maryland 21227.  Quest conducts substantial business within the Commonwealth of Virginia and within the City of Newport News, Virginia.

## FACTUAL ALLEGATIONS

10.     Pope was employed by the Defendant as a phlebotomist since 2015.  She was employed by Quest in this capacity until early 2023.

11.     Pope was a floater phlebotomist who worked at various places throughout the day.

12.     At all times relevant to her claim, Pope performed work as a phlebotomist.  Pope performed non-managerial and non-professional tasks assigned to her by superiors.  Pope was not exempt from the overtime requirements of the FLSA and VOWA.

13.     Both the FLSA and VOWA mandate that no employer shall employ any of its employees for a work week longer than 40 hours unless the employer pays the employee overtime compensation at the rate of not less than one and one-half times the regular hourly rate at which the employee is employed.

14.     Under established policies and procedures put in place by Quest, Pope did not log into the company's time-tracking system until she arrived at her first place of assigned work which varied from day to day.  Pope's permanent place of employment was the local Quest collection facility which was located at 11717-A Jefferson Avenue, Newport News, Virginia 23606.  In a typical month Pope would report to the Quest collection facility approximately three to five times.  On all other days of the month, Pope would report to various healthcare practices and offices to collect blood.  Under Pope's contract of employment, and pursuant to regulations enforced under the Fair Labor Standards Act by the U.S. Department of Labor, if the commute to Pope's first job assignment for the day exceeded the commute to Quest's collection facility on

Jefferson Avenue (Pope's place of employment), she was required to be compensated and "on the clock" once her commute exceeded the normal commute time to the established Quest collection facility. Likewise, at the end of the day, if Pope's last work assignment involved a longer drive home than the commute between the Quest office and Pope's home, she was entitled to remain on the clock for the increased time over and above the normal commute time. Quest failed to pay Pope, and all of their similarly situated phlebotomists, for the increased travel time over and above their normal commute times both at the beginning and at the end of their workdays. Pope averaged 20 to 40 minutes per day in uncompensated travel time that should have been on the clock under the Fair Labor Standards Act and VOWA. Upon information and belief, Pope's colleagues who were similarly situated to her were denied similar amounts of otherwise compensable travel time. All of this time caused the employees to exceed forty (40) hours of work per week and should have been compensated at time and one-half. In addition, this time should have been paid under the terms of an express contract of employment that existed between Pope, all others similarly situated, and Quest.

15.     During the last three years prior to the filing of this Complaint Pope earned an hourly wage of approximately $21.50. Her overtime rate was $32.25. Pope is owed approximately 30 minutes of overtime per day since June 16, 2020. This equates to a total of approximately $12,090 excluding liquidated damages. The average "floater" phlebotomist in Virginia is due a similar sum. Upon information and belief, this failure to pay for travel time was systemic within Quest and this violation occurred all over the United States.

16.     Quest routinely failed to pay Pope and all those similarly situated overtime compensation at one and one-half times their regular hourly rates of pay for all hours worked over 40 hours per seven day work week in violation of both the FLSA and VOWA.

17. Quest failed to pay and record the time described in the preceding paragraphs and, as a result, Pope and all those similarly situated were denied overtime to which they were entitled under both the FLSA and VOWA. Quest management was actually aware of their violation of the FLSA and VOWA and had acknowledged the violation to several other employees in the past. Quest management was closely familiar with Pope's work routine, the work routine of all other employees similarly situated, and actually observed them working substantial uncompensated overtime hours on a routine basis. Quest violated the FLSA and VOWA knowingly and willfully.

18. The precise amount of compensation due to Pope and all those similarly situated is unknown because much information required to perform a precise calculation is within the exclusive control of the Defendant. Under the liquidated damages provision of the FLSA and VOWA, Pope is due at least $12,090 over and above the overtime pay actually owed. Under the treble damages provision of VOWA, Pope is due an additional $12,090. All statutes of limitation were tolled as of the date of this filing.

19. Quest knew and showed reckless and intentional disregard for the fact that their pay policies violated the FLSA and VOWA and they committed the aforesaid violations knowingly, willfully, recklessly and in bad faith.

20. Quest had an obligation under both the FLSA and VOWA to maintain accurate records of time worked by employees. Quest failed to maintain accurate time records and failed to ensure that accurate time records were maintained.

21. Quest has not acted in good faith with respect to their failure to pay overtime compensation as alleged herein. Quest has no legitimate or good faith reason to believe their actions and omissions were in compliance with the FLSA or VOWA.

## COUNT I

### *Violation of the Fair Labor Standards Act*

22.     Paragraphs 1 through 21, above, are incorporated into this Count by reference as if fully set forth herein.

23.     The FLSA requires covered employers such as Quest to compensate workers such as Pope, and others similarly situated, at a rate of not less than one and one-half times their regular hourly rate of pay for work performed in excess of forty (40) hours in a seven day work week.

24.     Quest failed to compensate the Plaintiff and all others similarly situated in a manner than complied with the FLSA and denied them substantial overtime compensation to which they are entitled.

25.     As a direct, actual and proximate result of Quest's actions, Pope and all others similarly situated have suffered significant economic loss.

**WHEREFORE**, Shawneequa Pope, on behalf of herself and all others similarly situated, moves this Court to enter judgment in their favor and award them the following relief:

1)      Certify this action as a collective action pursuant to the FLSA and order the issuance of notice to those employees and former employees similarly situated to Pope, and who have performed these duties at any time within the three-year period preceding the filing of this Complaint, informing them of the existence of this action, the claims set forth herein and their rights;

2)      An award of all overtime compensation due to Pope and to each similarly situated phlebotomist for all hours worked during the three years preceding the filing of this Complaint;

3)      An award of an equal and additional amount as liquidated damages;

4) An award of injunctive relief or appropriate declaratory relief requiring compliance with the FLSA;

5) An award of all Plaintiff's costs and reasonable attorneys' fees;

6) Interest at the applicable legal rate accruing from each week compensation was not paid;

7) All such other relief as the Court deems appropriate under the circumstances.

## COUNT II

### *Violation of the VOWA*

26. Paragraphs 1 through 21, above, are incorporated into this Count by reference as if fully set forth herein.

27. VOWA requires covered employers such as Quest to compensate workers such as the Plaintiff, and those similarly situated, at a rate of not less than one and one-half times their regular hourly rate of pay for work performed in excess of forty (40) hours in a seven day work week. The Defendant failed to compensate the Plaintiff and all others similarly situated in a manner that complied with VOWA and denied them substantial overtime compensation to which they are entitled.

28. As a direct, actual and proximate result of Quest's actions, Pope and all others similarly situated have suffered significant economic loss.

**WHEREFORE**, Shawneequa Pope, on behalf of herself and all others similarly situated, moves this Court to enter judgment in their favor and award them the following relief against the Defendant:

1) Certify this action as a collective action pursuant to VOWA and order the issuance of notice to those employees and former employees similarly situated to Pope, and who have

performed these duties at any time within the three-year period preceding the filing of this Complaint, informing them of the existence of this action, the claims set forth herein and their rights;

      2)      An award of all overtime compensation due to Pope and to each similarly situated phlebotomist for all hours worked during the three years preceding the filing of this Complaint;

      3)      An award of treble damages;

      4)      An award of injunctive relief or appropriate declaratory relief requiring compliance with VOWA;

      5)      An award of all Plaintiff's costs and reasonable attorneys' fees;

      6)      Interest at the applicable legal rate accruing from each week compensation was not paid;

      7)      All such other relief as the Court deems appropriate under the circumstances.

## TRIAL BY JURY DEMANDED

The Plaintiff requests a jury trial on all issues raised in this Complaint.

Respectfully submitted,

**SHAWNEEQUA POPE and all others similarly situated**

By:   */s/ James H. Shoemaker, Jr.*
        Of Counsel

James H. Shoemaker, Jr., VSB No. 33148
**PATTEN, WORNOM, HATTEN & DIAMONSTEIN, L.C.**
12350 Jefferson Avenue, Suite 300
Newport News, Virginia 23602
Telephone: 757-223-4580
Facsimile: 757-249-3242
jshoemaker@pwhd.com