UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| **SHAWNEEQUA POPE**, <br><br> Plaintiffs, <br><br> v. <br><br> **QUEST DIAGNOSTICS INCORPORATED**, <br><br> Defendant. | No. 4:23-CV-80 |

**MEMORANDUM OF LAW IN SUPPORT OF THE**
**JOINT MOTION FOR APPROVAL OF PROPOSED SETTLEMENT AGREEMENT**

Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216, and Rule 41 of the Federal Rules of Civil Procedure, Shawneequa Pope ("Plaintiff" or "Ms. Pope") jointly with Quest Diagnostics Incorporated ("Defendant" or "Quest") (collectively, the "Parties" as appropriate), by and through their undersigned counsel, hereby move this Court to enter an Order approving the Parties' settlement agreement and dismissing with prejudice all claims in this matter.

**PROCEDURAL BACKGROUND**

On June 19, 2023, Plaintiff filed the underlying action against Defendant asserting claims for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and the Virginia Overtime Wage Act, Va. Code §40.1-29.2 ("VOWA"). Compl., ECF No. 1. Plaintiff subsequently filed an Amended Complaint that also included a common law breach of contract claim. Am. Compl., ECF No. 15. On the FLSA and VOWA claims, Plaintiff sought recovery of all unpaid overtime compensation she claimed was owed, an award of

liquidated damages, an award of injunctive or declaratory relief, an award of costs and attorneys' fees, and interest at the applicable rate. On the contract claim, Plaintiff sought a judgment in the amount of $8,500.

Through informal discovery and negotiation, the parties have reached an agreement in principle.

## **PLAINTIFF'S BONA FIDE FLSA DISPUTE**

Quest employed Ms. Pope as a floating phlebotomist from approximately 2015 through November of 2022.

In the Amended Complaint, Ms. Pope alleges Defendant agreed to compensate her for time spent commuting to and from work sites at the beginning and end of the workday that exceeded her normal commute to a Quest facility. *Id.* at ¶ 12. Ms. Pope further claims that Quest violated the FLSA, the VOWA and its contract with Ms. Pope when it allegedly did not compensate her for such travel time. She calculated that she would be entitled to a total of $12,090 in overtime wages. *Id.* at ¶ 20.

Defendant denies the Plaintiff's allegations. In particular, Defendant disagrees that such commuting time constitutes compensable time worked under the FLSA or the VOWA. Regulations interpreting the FLSA provide that "ordinary travel from home to work (see § 785.35) need not be counted as hours worked even if the employer agrees to pay for it." 29 C.F.R. § 785.34 (2023). Guidance interpreting the VOWA similarly provides that normal home to work travel "is not work performed." *See* VA. DEP'T OF LABOR & INDUS., DIV. OF LABOR & EMPLOY'T LAW, FIELD OPERATIONS MANUAL, Ch. 10 (Mar. 2022), https://townhall.virginia.gov/L/GetFile.cfm?File=C:\TownHall\docroot\GuidanceDocs\181\GDoc_DOLI_5539_v4.pdf.

2

## **THE PARTIES' FAIR & REASONABLE SETTLEMENT**

a. *Requirement for Court Approval and Factors to Be Considered*

Congress enacted the FLSA to protect workers against being paid deficient wages and working long hours that may result from significant inequalities in bargaining power between employers and employees. To that end, the statute's provisions are mandatory and generally not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).

"All FLSA settlements must be approved either by the United States Department of Labor or the court." *Baust v. City of Va. Beach*, 574 F. Supp. 3d 358, 363 (E.D. Va. 2021) (internal citation omitted). "Such approval is required for both class actions and individual cases . . . ." *Id.* (internal citation omitted). A Court reviewing a proposed settlement agreement for a FLSA claim must determine whether the agreement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Gholston v. Smithfield Foods, Inc.*, No. 2:21-cv-194, 2022 U.S. Dist. LEXIS 247816, at *5 (E.D. Va. Nov. 2, 2022) (quoting *Minsterman v. S.L. Nusbaum Realty Co.*, No. 2:10cv303, 2011 WL 9687817, at *1 (E.D. Va. Jan. 21, 2011)). Courts regularly weigh the following factors when considering the fairness of the proposed settlement of a FLSA claim:

> (1) the extent of discovery that has taken place;
>
> (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation;
>
> (3) the absence of fraud or collusion in the settlement;
>
> (4) the experience of counsel who have represented the Plaintiff;
>
> (5) the probability of plaintiffs' success on the merits; and

3

>    (6) the amount of the settlement in relation to the potential recovery.

*See id.* at *5-6 (citing *Patel v. Barot*, 15 F. Supp. 3d 648, 656 (E.D. Va. 2014)).

Further, when considering the above factors, the Court should consider that:

> [a] compromise is the essence of a settlement and the trial court should not make a proponent of a proposed settlement justify each term of a settlement agreement against a hypothetical or speculative measure of what concessions might have been gained since inherent in compromise is a yielding of absolutes and abandoning of highest hopes.

*Id.* at *6 (quoting *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08-cv-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009)).  Further, "[t]here is a 'strong presumption in favor of finding a settlement fair[.]'" *Id.* (quoting *Camp v. Progressive Corp.*, Nos. Civ. A. 01-2680, Civ. A. 03-2507, 2004 WL 2149079, at *5 (E.D. La. Sept. 23, 2004)).

The Court must also review and approve any award of attorneys' fees "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Id.* at *7 (quoting *Carr v. Rest Inn, Inc.*, 2015 WL 5177600, at *3 (E.D. Va. Sept. 3, 2015)) . The U.S. Court of Appeals for the Fourth Circuit prescribes the following process for arriving at a reasonable attorney's fee: "(1) determine a lodestar figure; (2) subtract fees for hours spent on unsuccessful claims unrelated to successful ones; and (3) evaluate the degree of success of the plaintiffs." *Randolph v. PowerComm Constr., Inc.*, 780 F. App'x 16, 22 (4th Cir. 2019).

  b. *Terms of the Proposed Settlement Agreement*

A copy of the Parties' proposed Settlement Agreement is attached as Exhibit A.  The key terms of the settlement reached by the Parties during negotiation are as follows:

- Defendant will pay the total sum of $13,000 to Ms. Pope less applicable withholdings and deductions.  This amount exceeds the total amount of overtime compensation Ms. Pope claims to be owed for time she spent commuting during the relevant period.

4

- Defendant will pay Plaintiff's counsel a total (inclusive of fees and costs) of $9,500. This number reflects a significant discount from the lodestar which applies here: Exhibit E reflects that Plaintiff's counsel and staff spent a total of $14,045 in time on this matter and advanced $452 in costs. *See* Exhibits B and E, Declaration of James H. Shoemaker, Jr. and PWHD invoice.

- Plaintiff agrees to dismiss with prejudice her claims for violations of the FLSA and VOWA and her common law claim for breach of contract; and

- The Settlement Agreement was approved by counsel for each party as to form and content and conditioned only on approval of this Court.

c. *Applying the Above Factors to the Terms of the Proposed Settlement Agreement*

The net settlement amount attributable to Plaintiff's claims represents a fair and equitable resolution of this bona fide dispute.

Regarding the first two factors, no formal discovery has taken place, and this proceeding is still at the pleadings stage. Formal discovery was not necessary as Plaintiff was in possession of her commute records. However, litigation of the matter could continue for some time as Defendant intended to challenge the compensability of Plaintiff's time worked under the FLSA and the VOWA. The award is in line with present value of any future judgment given the complexity, expense, and likely duration of the litigation given its current procedural posture.

Regarding the third factor, there is no evidence of fraud or collusion in the negotiation of this settlement. Plaintiff would receive the full amount of overtime compensation she claims she is owed, and the fee to Plaintiff's counsel is reasonable and appropriate. Plaintiff has been represented by counsel for the entirety of this proceeding.

Regarding the fourth factor, please see the next section of this memorandum, *infra*. Plaintiff's counsel has practiced law for 32 years and routinely brings wage and hour claims

on behalf of clients. His declaration and the supporting declarations amply demonstrate this. *See* Exhibits B, C and D.

Regarding the fifth factor, Plaintiff is not assured success on the merits if this matter were to proceed. As detailed above and in Defendant's Motion to Dismiss Plaintiff's Complaint, Plaintiff is arguably not entitled to any recovery for commuting under the FLSA or the VOWA. *See* Def.'s Mot. to Dismiss Compl., ECF No. 4. In the event that Plaintiff could not recover wages under the FLSA or the VOWA, she would also not be entitled to recovery of attorneys' fees in this matter.

Regarding the sixth factor, the settlement amount payable to Plaintiff exceeds the amount of unpaid overtime compensation she claims she is owed as well as the fees for her attorney. The absence of payment for liquidated damages is reasonable in light of the significant possibility that she is not entitled to any recovery under the FLSA or the VOWA. Therefore, the settlement amount payable to Plaintiff is reasonable in relation to her potential recovery.

## REASONABLENESS OF PLAINTIFF'S FEES & COSTS

Under the Settlement Agreement, Exhibit A, subject to Court approval, Collective counsel will receive a fee payment of $9,048.00 and $452.00 in cost reimbursement. *Id.,* ¶ 3.1.2. This amounts to fees equaling 40.2% of the total settlement amount. It is critical to note, however, that the actual time expended by Plaintiff's firm exceeds $14,000.00. *See* Exhibit E. The requested rates of the lead counsel and the paralegal who worked on this case for Plaintiff have been previously approved in *Jeffrey L. Fletcher v. MWB, Inc. et al.*, U.S.D.C. E.D. Va. Case No. 4:21-cv-162 and *Joshua Grizzle., et al v. Huntington Ingalls, Inc.*, U.S.D.C. E.D. Va. Case No. 4:22-cv-109.

While under both the FLSA and the VOWA, an award of attorneys' fees and costs are mandatory, the reasonableness and total amount of the award is within the discretion of the Court. 29 U.S.C. § 216 (b) ("The court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984) ("The amount of the attorney's fees, however, is within the sound discretion of the trial court."). The Court determines the award of attorneys' fees by first establishing the "lodestar" amount, which the Court derives from a "reasonable hourly rate multiplied by hours reasonably expended." *Hargrove*, 2013 WL 1897027, at * 6 (quoting *Grissom v. The Mills Corp.,* 549 F.3d 313, 320-21 (4th Cir. 2008)).

The Court assesses "reasonableness" of requested attorneys' fees according to twelve factors articulated in *Johnson v. Ga. Highway Express, Inc.* 488 F.2d 714, 717-19 (5th Cir. 1974), as adopted by *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 & n.28 (4th Cir. 1978); *Edelen v. Am. Residential Servs.*, 2013 WL 3816986, at * 12 (applying the twelve factors articulated in *Barber v. Kimbrell's Inc.* to a hybrid wage and hour settlement). The pertinent factors include the following:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Edelen v. Am. Residential Servs.,* 2013 WL 3816986, at * 12 (internal citations omitted); *Galvez v. Americlean Servs. Corp.*, No. 1:11cv1351, 2012 WL 2522814, at *4 (quoting *Kimbrell's Inc.*, 577 F.2d at 226 & n.28). "[T]here is no strict manner in which the factors are to be considered and applied." *Trimper v. City of Norfolk*, 846 F. Supp. 1295, 1303 (E.D. Va. 1994). However, in

7

support of its requested fees and expenses, Plaintiffs' counsel must provide attorney affidavits and other evidence sufficient to support a finding that the requested amount is consistent with the above-cited factors and the prevailing market rates for the relevant community and type of work performed.  *Hargrove*, 2013 WL 1897027, at \*\* 6-7; *Edelen*, 2013 WL 3816986, at \*\* 12-14.  After arriving at the lodestar figure, the Court will normally deduct fees for hours expended on unsuccessful, unrelated claims and award the remaining amount it finds attributable to Plaintiffs' successful ones.  *Grissom*, 549 F.3d at 321.

It is clear that the lodestar calculation of all attorney time in this case will significantly exceed $9,500 (the limit to costs and fees to be paid under the Settlement Agreement).  It is worth noting that Ms. Pope, after payment of all costs and fees, is being paid approximately 107% of the amount she originally claimed in her Complaint.  In the final stages of the negotiation, the final reductions in the demand made by the Plaintiff came from attorney's fees, and not Ms. Pope's recovery.  During all negotiations, Ms. Pope's fees and costs have been discussed separately and apart from the underlying sum to which she was entitled.

## **CONCLUSION**

For these reasons, the Parties' settlement agreement should be approved, and the Complaint dismissed with prejudice.

Dated: February 5, 2024                                          Respectfully Submitted,

**SHAWNEEQUA POPE**                                              **QUEST DIAGNOSTICS INCORPORATED**

/s/ *James H. Shoemaker, Jr.*                                    /s/ *Jonathan M. Sumrell*

James H. Shoemaker, Jr., VSB #33148                              Jonathan M. Sumrell, VSB #79123
Patten, Wornom, Hatten & Diamonstein, L.C.                       Hancock, Daniel, & Johnson, P.C.
12350 Jefferson Avenue, Suite 300                                4701 Cox Road, Suite 400
Newport News, Virginia 23602                                     Glen Allen, Virginia 23060
Telephone: 757-223-4580                                          Telephone: 804-967-9604
Facsimile: 757-249-3242                                          Facsimile: 804-967-9888
jshoemaker@pwhd.com                                              jsumrell@hancockdaniel.com
*Counsel for Plaintiff*                                          *Counsel for Defendant*

## CERTIFICATE OF SERVICE

    I hereby certify that on February 5, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the below parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system:

James H. Shoemaker, Jr.
PATTEN, WORNOM, HATTEN & DIAMONSTEIN, L.C.
12350 Jefferson Ave, Suite 300
Newport News, 23602 USA
Telephone: (757) 223-4580
Fax: (757) 249-3242

        /s/ Jonathan M. Sumrell
        Kimberly W. Daniel, VSB #35616
        Jonathan M. Sumrell, VSB #79123
        Caitlin M. Parry, VSB #96463
        Hancock, Daniel, & Johnson, P.C.
        4701 Cox Road, Suite 400
        Glen Allen, VA 23060
        Telephone: (804) 967-9604
        Fax: (804) 967-9888
        kdaniel@hancockdaniel.com
        jsumrell@hancockdaniel.com
        cparry@hancockdaniel.com
        *Counsel for Quest Diagnostics Incorporated*