IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

SHAWNEEQUA POPE,

    Plaintiff,

    v.

QUEST DIAGNOSTICS INC.,

    Defendant.

Case No. 4:23-cv-80

**OPINION & ORDER**

Before the Court is the parties' Joint Motion for Approval of Proposed Settlement Agreement. ECF Nos. 22 (motion), 23 (memorandum). The Court has considered the arguments in the parties' briefing and concluded there is no need to hold a hearing on the motion. *See* Fed. R. Civ. P. 18; E.D. Va. Civ. R. 7(J). For the reasons stated herein, the motion is **GRANTED.**

**I.    BACKGROUND**

This case involves a breach of contract and claims for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq*, and the Virginia Overtime Wage Act ("VOWA"), Va. Code § 40.1-29.2. Defendant Quest Diagnostics Inc. ("Quest") employed Plaintiff Shawneequa Pope as a floating phlebotomist. ECF No. 15 ¶ 13. The plaintiff commuted either to Quest's collection facility on Jefferson Avenue in Newport News, her "permanent place of work," or to various healthcare facilities, to collect blood. *Id.* ¶ 18. The commuting led to 20 to 40 minutes per day in uncompensated travel time and caused the plaintiff to exceed 40

hours of work per week. *Id.* ¶ 19. The plaintiff claims she must be compensated at the overtime rate of time and one-half. *Id.* Quest did not compensate the plaintiff for this time. *Id.*

On June 19, 2023, the plaintiff brought a collective action claiming that Quest violated both the FLSA and VOWA. ECF No. 1. She subsequently filed an Amended Complaint on October 2, 2023, which includes a breach-of-contract claim. ECF No. 15. The Amended Complaint also abandoned the collective action, so the plaintiff proceeded only as an individual. *Id.* In the Amended Complaint, the plaintiff claims she is "owed . . . an average of 30 minutes of overtime pay per day since June 16, 2020." *Id.* ¶ 20. Quest filed a motion to dismiss on January 22, 2024. ECF Nos. 20 (motion), 21 (memorandum).

The parties filed the Joint Motion for Settlement Approval on February 5, 2024. ECF Nos. 22 (motion), 23 (memorandum). On the same day, the plaintiff filed a motion to stay the briefing schedule for the motion to dismiss pending the Court's approval of the settlement. ECF No. 24. The Court granted the motion to stay on February 7, 2024. ECF No. 25.

## II.   LEGAL STANDARDS

### A.   FLSA Settlement Approval

"All FLSA settlements must be approved either by the United States Department of Labor or the district court." *Gholston v. Smithfield Foods, Inc.*, No. 2:21-cv-194, 2022 WL 21842305, at *2 (E.D. Va. Nov. 2, 2022) (citation and quotation omitted). Approval is required for both class actions and individual cases. *Baust v. City of Virginia Beach*, 574 F. Supp. 3d 358, 363 (E.D. Va. 2021). A court should

approve a settlement when it is "a fair and reasonable resolution of a bone fide dispute over FLSA provisions." *Minsterman v. S.L. Nusbaum Realty Corp.*, No. 2:10-cv-303, 2011 WL 9687817, at *1 (E.D. Va. Jan. 21, 2011) (quoting *Lynn's Food Stores, Inc. v. U.S. By and Though U.S. Dep't of Labor, Emp. Standards Admin. Wage, and Hour Div.*, 679 F.2d 1350, 1355 (11th Cir. 1982)).

"[T]here is a strong presumption in favor of finding a settlement fair." *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08-cv-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009) (citation and quotation marks omitted). To determine whether a settlement agreement is fair and reasonable, courts in this district consider several factors, including:

(1) The extent of discovery that has taken place;

(2) The stage of the proceedings, including the complexity, expense, and likely duration of the litigation;

(3) The absence of fraud or collusion in the settlement;

(4) The experience of counsel who has represented the plaintiffs;

(5) The probability of plaintiffs' success on the merits; and

(6) The amount of settlement in relation to the potential recovery.

*Gholston*, 2022 WL 21842305, at *2; *Baust*, 574 F. Supp. 3d at 363; *Davis v. BT Ams. Inc.*, No. 2:16-cv-206, 2017 WL 11506967, at *2 (E.D. Va. May 10, 2017); *Lomascolo*, 2009 WL 3094955, at *10.

### B.     Attorney's Fees & Costs

The FLSA contains a fee-shifting provision that allows courts to award "reasonable attorney's fees to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The FLSA "requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Gholston*, 2022 WL 21842305, at *2 (quotation marks and citations omitted). The Fourth Circuit has outlined a three-step process for arriving at a reasonable attorney's fee. *Grisson v. The Mills Corp.*, 549 F.3d 313, 320–21 (4th Cir. 2008). First, courts must determine the lodestar amount, which is a "reasonable hourly rate multiplied by hours reasonably expended." *Id.* at 320. Next, courts subtract fees for hours spent on unsuccessful claims that are unrelated to successful ones. *Id.* at 321. Finally, courts evaluate the degree of the plaintiff's success. *Id.*

When determining the reasonableness of the hours and rate, the Fourth Circuit has instructed district courts to consider the following twelve factors ("*Johnson* factors"):

> (1) the time and labor expended;
>
> (2) the novelty and difficulty of the questions raised;
>
> (3) the skill required to properly perform the legal services rendered;
>
> (4) the attorney's opportunity costs in pressing the instant litigation;
>
> (5) the customary fee for like work;

4

(6) the attorney's expectations at the outset of the litigation;

(7) the time limitations imposed by the client or circumstances;

(8) the amount in controversy and the results obtained;

(9) the experience, reputation and ability of the attorney;

(10) the undesirability of the case within the legal community in which the suit arose;

(11) the nature and length of the professional relationship between attorney and client; and

(12) attorneys' fees awards in similar cases.

*In re Abrams & Abrams, P.A.*, 605 F.3d 238, 244 (4th Cir. 2010) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974); *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978); *Allen v. U.S.*, 606 F.2d 432, 436 n.1 (4th Cir. 1979)).

Per the local rules of this district, to recover costs, parties must "distinctly set forth each item thereof so that the nature of the charge can be readily understood." E.D. Va. Civ. R. 54(D)(1); *see* Fed. R. Civ. P. 54(d) ("By local rule, the court may establish special procedures to resolve fee-related issues without extensive evidentiary hearings.").

## III. ANALYSIS

### A. The Settlement Agreement Represents a Reasonable and Fair Resolution of a Bona Fide Dispute Over FLSA Provisions.

#### *i. A bona fide dispute exists over whether the plaintiff is entitled to the disputed overtime wages.*

The parties' Settlement Agreement resolves a bona fide dispute concerning the plaintiff's entitlement to unpaid overtime. *Lomascolo*, 2009 WL 3094955, at *16 (in the context of claims for unpaid overtime, "a bona fide dispute exists when an employee makes a claim that [they are] entitled to overtime payment"). Quest has filed two motions to dismiss in this case. ECF Nos. 4 (motion to dismiss the initial Complaint), 20 (motion to dismiss the Amended Complaint). Quest's motions to dismiss illustrate the parties' disagreement over whether the plaintiff is entitled to *any* overtime pay. *See generally* ECF Nos. 5, 21. For example, Quest argues that the FLSA does not treat time spent commuting as hours worked. ECF No. 21 at 4. And the fact that Quest does not admit liability in the Settlement Agreement further supports the existence of a bona fide dispute. ECF No. 23-1 ¶ 7; *Gholston*, 2022 WL 21842305, at *4.

#### *ii. The relevant factors weigh in favor of finding the parties' Settlement Agreement fair and reasonable.*

Next, the Court considers whether the Settlement Agreement is a fair and reasonable resolution of the parties' dispute. The first two factors—the extent of discovery and the stage of proceedings—are neutral. No formal discovery has taken place, and the case is still at the pleading stage. However, Quest filed a Motion to Dismiss challenging the plaintiff's entitlement to the disputed overtime wages under

6

both the FLSA and VOWA. ECF No. 21. Quest's motion suggests that litigation of this matter could continue for some time, and should it proceed to trial, a jury would have to resolve multiple complex questions regarding the application of the FLSA and VOWA to the facts of this case. Thus, the extent of discovery and the stage of litigation are neutral factors that neither weigh for nor against approving the settlement.

The third factor—the absence of fraud or collusion—weighs in favor of approving the Settlement Agreement. "There is a presumption that no fraud or collusion occurred between counsel, in the absence of evidence to the contrary." *Davis*, 2017 WL 11506967, at *4 (quotation marks and citations omitted). Neither party has presented evidence of fraud or collusion. Thus, this factor supports approving the proposed settlement.

The fourth factor—experience of counsel who has represented the plaintiff—heavily favors approving the Settlement Agreement. Plaintiff's counsel, Attorney James H. Shoemaker, Jr., represents that he "has practiced law for 32 years and routinely brings wage and hour claims on behalf of his clients." ECF No. 23 at 5–6. Counsel's experience suggests he understands how to appropriately construct a fair and reasonable settlement.

Finally, both the probability of the plaintiff's success on the merits and the amount in settlement in relation to the potential recovery weigh in favor of approving the Settlement Agreement. The plaintiff is not assured of success on the merits if this matter were to proceed. *See* ECF No. 21 (arguing that the plaintiff is not entitled to the disputed wages under FLSA or VOWA). The Amended Complaint alleges that the

7

plaintiff is owed at least $12,090 excluding liquidated damages. ECF No. 15 ¶ 20. The parties' Settlement Agreement awards the plaintiff $13,000. ECF No. 23-1 at 2. Given the uncertainty of the plaintiff's success, an amount that exceeds the minimum amount owed is reasonable. Thus, these factors both weigh in favor of finding the Settlement Agreement fair and reasonable. *Lafleur v. Dollar Tree Stores, Inc.*, 189 F. Supp. 3d 588, 595 (E.D. Va. 2016) (a plaintiff's uncertain success weighs in favor of approving the proposed settlement).

Because of the strong presumption in favor of finding a settlement fair, and the balance of the factors, the Court finds the parties' Settlement Agreement to be a fair and reasonable resolution of a bona fide dispute over FLSA provisions.

### B. The Parties' Agreed-Upon Award for Attorney's Fees and Costs Is Fair and Reasonable.

The Settlement Agreement includes a term requiring Quest to pay plaintiff's counsel $9,048 in attorney's fees and $452 in costs. ECF No. 23-1 at 1 (requiring Quest to pay a total of $9,500 in "legal fees"); ECF No. 23 at 6 (breaking down "legal fees" into $9,050 in attorney's fees and $452 in cost reimbursement). The parties' voluntary agreement is due some deference; however, courts in the Fourth Circuit "generally examine the lodestar principles as a guide or a cross check to assessing the fairness of the negotiated sum." *Gholston*, 2022 WL 21842305, at *2 (cleaned up); *Davis*, 2017 WL 11506967, at *2. Thus, the Court will examine the lodestar principles to ensure that the negotiated sum is fair and reasonable.[1]

---

[1] Because there are no unsuccessful claims in this case, the Court does not need to subtract fees for hours spent on unsuccessful claims that are unrelated to successful

### *i.   The lodestar amount is reasonable.*

The Court must first calculate the lodestar amount by multiplying a reasonable hourly rate by the number of hours reasonably expended by the attorneys. Attached to the memorandum is a bill that includes an hourly itemized breakdown of the attorney's fees and costs requested. ECF No. 23-5. The document details that Attorney Shoemaker billed at a rate of $500 per hour on this matter, while Paralegal Sue Fisher billed at a rate of $100 per hour. In light of the relevant *Johnson* factors, such as experience and skill of counsel, and the rates that have been approved in this district for attorneys and paralegals, the Court finds that these rates are reasonable. *Carr*, 2015 WL 5177600, at *4 (finding $500 per hour "reasonable based on [the attorney's] experience and competence, and the nature of [the] FLSA litigation"); *Kennedy v. A Touch of Patience Shared Hous., Inc.*, 779 F. Supp. 2d 516, 527 (E.D. Va. 2011) (approving a paralegal's rate of $100).

Attorney Shoemaker spent a total of 27.15 hours on this matter. Among other tasks, counsel prepared motions including a motion to amend the complaint, completed the work necessary to prepare for settlement discussion, and negotiated with Quest. ECF No. 23-5. Additionally, Paralegal Fisher spent a total of 4.7 hours in this matter working on traditional paralegal tasks like drafting motions and communicating with the client. *Id*. In total, this amounts to 31.85 hours of work. Upon

---

ones. Therefore, the Court's analysis will skip step two and proceed directly to step three.

review of all these tasks, the Court finds that all the time billed in this matter was reasonable.

Cases brought under the FLSA are fact-intensive and "requir[e] significant commitments of time and personnel to litigate." *Gholston*, 2022 WL 21842305, at *6. Initially, this case was pursued as a collective action, which inherently requires considerable coordination and management. Further, as already discussed, plaintiff's counsel is highly experienced in these matters. ECF No. 23-2. All these factors further support the reasonableness of the hours worked. As a result, the lodestar amount is $14,045.

Under the Settlement Agreement, plaintiff's counsel will recover $9,030 in attorney's fees, which is less than the calculated lodestar amount. Thus, attorney's fees will represent 41% of the plaintiff's total recovery. Importantly, "[i]n FLSA cases, like other discrimination or civil rights cases, the attorney's fees need not be proportional to the damages plaintiffs recover because the award of attorney's fees in such cases encourages the vindication of Congressional identified policies and rights." *Gholston*, 2022 WL 21842305, at *7 (alteration accepted). Moreover, the defendant has not objected to this award of attorney's fees or any of the hours that plaintiff's counsel billed. Thus, the Court finds that a fee award of $9,030 is reasonable.

### ii.  *The Settlement Agreement demonstrates a high degree of success for the plaintiff.*

Next, the Court must consider whether a reduction of the fee is warranted in light of the plaintiff's degree of success. At trial, the plaintiff's possible recovery would range from $0 to $12,090 plus liquidated damages. ECF No. 15 ¶ 20. The plaintiff's

10

receipt of $13,000 in the settlement agreement amounts to a high degree of success because the sum exceeds the minimum amount sought in the complaint. The plaintiff also avoided the risk of losing at trial and the increased attorney's fees and expenses trials necessitate. Given the plaintiff's high degree of success, the Court will not reduce the fee award.

Accordingly, after considering the relevant *Johnson* factors and the degree of success that the plaintiff achieved, and using the lodestar amount as a guide, the Court finds that the $9,500 award for attorney's fees and costs is reasonable in this case.[2]

### IV.  CONCLUSION

For the foregoing reasons, the parties' Joint Motion for Approval of Proposed Settlement Agreement (ECF No. 22) is **GRANTED.**

The parties are **ORDERED** to carry out the terms of the Settlement Agreement. Defendant Quest Diagnostic, Inc. shall pay the settlement amount of $13,000 to Plaintiff Shawneequa Pope. Defendant Quest Diagnostics Inc. shall pay plaintiff's counsel, Attorney James H. Shoemaker, Jr., $9,500 for attorney's fees and costs.

It is **FURTHER ORDERED** that the claims and demands of Plaintiff Shawneequa Pope against Defendant Quest Diagnostics Inc. are **DISMISSED WITH**

---

[2] The bill details reimbursement for two costs: (1) the $402 filing fee and (2) a $50 administrative fee. Because plaintiff's counsel has met the requirements of E.D. Va. Civ. R. 54(D)(1), the Court will award $452 in costs.

**PREJUDICE** except that the Court **RETAINS** jurisdiction to resolve any dispute that may arise from the parties' Settlement Agreement.

Defendant Quest Diagnostic Inc.'s Motion to Dismiss (ECF No. 20) is **DENIED AS MOOT.**

The Clerk is **DIRECTED** to send a copy of this Opinion & Order to all counsel of record.

**IT IS SO ORDERED.**

/s/
Jamar K. Walker
United States District Judge

Newport News, Virginia
March 21, 2024